# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAUL DIAZ, | : | |
|    Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 18-CV-1996 |
| | : | |
| TAMMY FERGUSON, *et al.*, | : | |
|    Defendants. | : | |

## MEMORANDUM

**SCHMEHL, J. /s/ JLS**                                                                    **JUNE 12, 2018**

      Plaintiff Raul Diaz, a State inmate currently incarcerated at SCI Graterford, has filed this *pro se* action pursuant to 42 U.S.C. § 1983 against Tammy Ferguson, James Meintel, George Ondrejka, Thomas C. Grenevich, and Gary Olinger, all of whom are officials at SCI Graterford. He has also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) For the following reasons, the Court will grant Diaz leave to proceed *in forma pauperis* and dismiss his Complaint with leave to amend.

## I.    PROCEDURAL HISTORY AND FACTS

      Public dockets reflect that in 1991, while incarcerated at SCI Dallas, Diaz filed a § 1983 suit against Joseph Ryan and David Larkins in the Middle District of Pennsylvania. *Diaz v. Ryan*, Civ. A. No. 91-1436 (E.D. Pa.).[1] On January 21, 1992, Ryan and Larkins filed a Motion to Dismiss, or in the alternative, Motion for Summary Judgment. *Id.* On May 19, 1992, the Honorable Sylvia Rambo granted the Motion with respect to Diaz's due process claim and

---

[1] Because of the age of this case, copies of documents filed in the case are not available through the Middle District of Pennsylvania's CM/ECF docketing system. Diaz has attached a letter to the Complaint filed in this matter indicating that the hard copies of all documents in Action No. 91-1436 were destroyed "for the sake of space" 20 years "from the closing date, which for [his] case was 8/23/1993." (Compl. at 10 (as paginated by the CM/ECF system).) Thus, the Court can only glean information about Diaz's prior case from the public docket.

denied it with respect to his claims about double celling and denial of access to the courts. *Id.* By Order entered on July 6, 1992, Judge Rambo ordered authorities at SCI Dallas to "provide [Diaz] access to inmate George Rahsann Brooks-Bey for the purpose of assisting [Diaz] in [this] litigation." *Id.* Ultimately, on August 23, 1993, Judge Rambo granted Ryan and Larkins's Motion for Summary Judgment with respect to Diaz's remaining claims. *Id.* The docket reflects that Diaz did not appeal that decision.

In the Complaint before this Court, Diaz alleges that in 1989, he was placed in the Restricted Housing Unit at SCI Dallas for refusing a cellmate. (Compl. at 3.) He refers to the fact that he filed a lawsuit in 1991 and that Judge Rambo "gave an order to SCI Dallas to inmate George Rahsann Brooks Bey [to assist him]." (*Id.*) While Diaz's claims are unclear, he apparently takes issue with the outcome of his 1991 lawsuit because he claims that Brooks-Bey defrauded him by "doing a deal with the defendant because [Brooks-Bey] was from Pittsburgh and he want[ed] a transfer to over there and therefore [Diaz] los[t his] case after [he had] forty two month[s] at the RHU." (*Id.*) He further alleges that a psychiatrist at SCI Dallas "made an agreement with the Defendant and he gave me Z code by problem of insomnia[a]." (*Id.*) Diaz further contends that the legal paperwork he brought with him from SCI Dallas was stolen by the property room at SCI Graterford. (*Id.* at 3, 9.) He claims that staff at SCI Graterford are telling him that he is no longer "a Z code and [he has] to take a cellmate." (*Id.* at 9.) As relief, Diaz asks that the Court "solve[] [his] claim by the cellmate." (*Id.* at 5.) He also asks for $500,000.00 for "the fraud that SCI Dallas commit[ted] against [him] by [him ignoring] English and the court that Judge Sylvia H. Rambo gave [him] an assault that it setup to [him] and SCI Graterford that stole[ his] legal paper and took [his] cellmate [his] Z code and manipulate [him now] because

the[y] ha[ve] the force and the influence." (*Id.* at 6.) Diaz hopes "that with the form that has this Eastern District the law and justice be different." (*Id.*)

## II.  STANDARD OF REVIEW

The Court will grant Diaz leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action.[2]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss Diaz's Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  Conclusory statements and naked assertions will not suffice.  *Id.*  Because Diaz is proceeding *pro se*, the Court construes his allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief."  A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised."  *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is

---

[2] However, because Diaz is a prisoner, he will be obligated to pay the $350.00 filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

## III. DISCUSSION

The way in which Diaz's Complaint is pled makes it difficult for the Court to discern whether he has a plausible claim for relief at this time. As noted above, Diaz asks that the Court "solve[ his] claim by the cellmate" and hopes that "the law and justice be different" in this Court. (Compl. at 5-6.) It appears that Diaz is asking this Court to reconsider the claims he raised in his previous lawsuit filed in the Middle District of Pennsylvania. To the extent that Diaz is asking for such relief, this Court is not the proper forum for reconsideration of those claims. In the event there is any legitimate basis to reopen his case, Diaz should request reconsideration in the Middle District of Pennsylvania.[3]

Moreover, Diaz fails to state a claim against any of the named Defendants, as nothing in the Complaint describes how these Defendants were responsible for violating Diaz's rights, whether due to their own misconduct or their deliberate indifference to known deficiencies in a policy or procedure that violated Diaz's rights. *See Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 320 (3d Cir. 2014), *reversed on other grounds*, *Taylor v. Barkes*, 135 S. Ct. 2042 (2015). Because Diaz fails to mention any of the named Defendants in the body of his Complaint, he has not stated a basis for imposing liability against them. Thus, as pled, the Complaint does not comply with Rule 8, as it does not "provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian*, 2017 WL 3494219, at *3. Accordingly, Diaz's claims against the named Defendants will be dismissed at this time.

---

[3] The Court makes no representation with respect to whether Diaz has any legitimate basis to reopen his 1991 case.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Diaz leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Rule 8 of the Federal Rules of Civil Procedure. This dismissal will be without prejudice to Diaz's right to file an amended complaint, as set forth in the Order that follows.

**BY THE COURT:**

_____
**JEFFREY L. SCHMEHL, J.**