IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| RAUL DIAZ, | : |  |
|---|---|---|
| Plaintiff, | : |  |
|  | : |  |
| v. | : | CIVIL ACTION NO. 18-CV-1996 |
|  | : |  |
| UNIT MANAGER LIQUIS, *et al.*, | : |  |
| Defendants. | : |  |

**MEMORANDUM**

**SCHMEHL, J.  /s/ JLS**                                                     **NOVEMBER  21, 2018**

On May 11, 2018, *pro se* Plaintiff Raul Diaz, a prisoner currently incarcerated at SCI Phoenix, filed a Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) and a Complaint pursuant to 42 U.S.C. § 1983 against Tammy Ferguson, James Meintel, George Ondrejka, Thomas C. Grenevich, and Gary Olinger (ECF No. 2).  By Memorandum and Order entered on June 12, 2018, the Court granted Diaz leave to proceed *in forma pauperis* and dismissed his Complaint.  (ECF Nos. 7, 8.)  Specifically, the Court noted that if Diaz was asking for reconsideration of the claims he raised in a previous lawsuit filed in the Middle District of Pennsylvania, this Court was not the proper forum for reconsideration of those claims.  (ECF No. 7 at 4.)  The Court also noted that the Complaint failed to comply with Rule 8 of the Federal Rules of Civil Procedure because Diaz had not described how the named Defendants were responsible for violating his rights.  (*Id.*)  The Court granted Diaz leave to file an amended complaint in the event he could set forth a plausible claim for relief.

Diaz subsequently filed a motion for extension of time, which the Court granted by Order entered on July 5, 2018.  (ECF No. 11.)  On August 23, 2018, the Court dismissed this action without prejudice for failure to prosecute because Diaz had not filed an amended complaint.  (ECF No. 12.)  On September 11, 2018, Diaz filed a motion to extend.  (ECF No. 13.)  Given

1

Diaz's *pro se* status, the Court vacated its August 23, 2018 Order, granted Diaz's motion to extend, and directed him to file his amended complaint within thirty (30) days. (ECF No. 14.)

On October 25, 2018, Diaz filed a motion to appoint counsel. (ECF No. 15.) By Order entered on October 30, 2018, the Court denied the motion without prejudice and granted Diaz another thirty (30)-day extension to file his amended complaint. (ECF No. 16.) The Court received Diaz's Amended Complaint on November 13, 2018. (ECF No. 17.) For the reasons set forth below, the Court will dismiss the Amended Complaint and provide Diaz one more opportunity to amend.

**I.      FACTS**

At some point prior to January of 2018, Diaz was transferred to SCI Graterford from SCI Dallas. (Am. Compl. at 3.) While at SCI Dallas, Diaz had "been granted single cell status after a review process." (*Id.*) Upon arrival at SCI Graterford, Diaz was placed in the Restricted Housing Unit pending determination of his classification for housing. (*Id.* at 4.) Eventually, he "was released to general population and placed in [a] single cell where he remained for years." (*Id.*)

In January of 2018, Unit Manager Liquis told Diaz that "he would be placed in double celling when moved from SCI Graterford to SCI [Phoenix]." (*Id.*) Diaz "requested a staffing on the matter." (*Id.*) When officers tried to move Diaz, he "refused to enter the double cell and he was placed in the 'R.H.U.'" (*Id.*) Diaz alleges that he "languished" in the RHU for seven months "and despite his request he was not given a staffing or review on the single cell issue." (*Id.*) In August of 2018, Diaz was released from the RHU and placed in a single cell in general population. (*Id.*) He was told that "a hearing would be held in December 2018 on the single cell status." (*Id.*) Diaz mentions that when he was released to general population, he "discovered his

personal property and legal documents related to his criminal matter and the present civil action [were] missing." (*Id.* at 6.)

Diaz now asserts that the Defendants' actions violated his Fourteenth Amendment due process rights. (*Id.* at 5.) He requests declaratory and injunctive relief, as well as damages. (*Id.* at 6-7.)

## II. STANDARD OF REVIEW

As noted above, the Court previously granted Diaz leave to proceed *in forma pauperis*. Accordingly, the Court is required to dismiss the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Diaz is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). For the following reasons, Diaz's Amended Complaint fails to state a claim for relief.

### A. Claims Regarding Single-Cell Status

Diaz suggests that the Defendants violated his due process rights under the Fourteenth Amendment by denying him single-cell status and by placing him in the RHU without having a

staffing hearing regarding his request for single-cell status. Diaz, however, "had no protected liberty interest that was implicated by either the removal of his single-cell assignment . . . or his . . . placement[] in the RHU." *Keeling v. Barrager*, 666 F. App'x 153, 156 (3d Cir. 2016) (per curiam) (citing *Sandin v. Conner*, 515 U.S. 472, 486 (1995) and *Rhodes v. Chapman*, 452 U.S. 337, 347-49 (1981)); *see also Smith v. Mensinger*, 293 F.3d 641, 654 (3d Cir. 2002) (holding that seven months in disciplinary custody "does not, on its own, violate a protected liberty interest"). Thus, Diaz cannot maintain his due process claims regarding the loss of single-cell status and his confinement in the RHU.

### B. Claims Regarding Lost Property

Diaz vaguely mentions that when he was released from the RHU, he discovered "his personal property and legal documents related to his criminal matter and the present civil action [were] missing." (Am. Compl. at 6.) To the extent Diaz intended to raise claims regarding his missing property, the Amended Complaint fails to state a claim at this time.

If Diaz is raising a due process claim under the Fourteenth Amendment based on the loss of his property, there is no basis for such a claim because Pennsylvania law provides Diaz with an adequate state remedy. *See Spencer v. Bush*, 543 F. App'x 209, 213 (3d Cir. 2013) ("'[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available.'" (quoting *Hudson v. Palmer*, 468 U.S. 517, 533 (1984))); *Shakur v. Coelho*, 421 F. App'x 132, 135 (3d Cir. 2011) (per curiam) (explaining that the Pennsylvania Tort Claims Act provides an adequate remedy for a willful deprivation of property). Accordingly, any due process claim regarding the loss of his property must be dismissed.

4

Diaz may also be suggesting that he was denied access to the courts, in violation of the First Amendment, because of his missing legal documents. "A prisoner making an access-to-the-courts claim is required to show that the denial of access caused actual injury." *Jackson v. Whalen*, 568 F. App'x 85, 87 (3d Cir. 2014) (per curiam) (quoting *Lewis*, 518 U.S. at 350). In other words, a prisoner claiming that he was denied access to the courts must allege an injury traceable to the conditions of which he complains. *Diaz v. Holder*, 532 F. App'x 61, 63 (3d Cir. 2013) (per curiam) (affirming dismissal of denial of access claims where plaintiff failed to tie alleged deficiencies in library to harm in underlying action). In general, an actual injury occurs when a prisoner demonstrates that a "nonfrivolous" and "arguable" claim was lost because of the denial of access to the courts. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). "[T]he underlying cause of action, . . . is an element that must be described in the complaint." *Id*. Here, Diaz has failed to state an access to the courts claim, because he has not alleged that he lost the ability to present a "nonfrivolous" and "arguable" claim to the courts because of the loss of his documents. Accordingly, any First Amendment claim must be dismissed at this time as well.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Diaz's Amended Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). In light of Diaz's *pro se* status, the Court will give him an opportunity to file a second amended complaint in the event that he can state a plausible basis for an access to the courts claim based upon his missing legal property. An appropriate Order follows.

**BY THE COURT:**

**/s/ Jeffrey L. Schmehl**
**JEFFREY L. SCHMEHL, J.**